MORGAN, LEWIS & BOCKIUS LLP
CARRIE A. GONELL, SBN 257163
e-mail: cgonell@morganlewis.com
JOHN D. HAYASHI, SBN 211077
e-mail: jhayashi@morganlewis.com
5 Park Plaza, Suite 1750
Irvine, CA 92614
Tel: 949.399.7000
Fax: 949.399.7001

PAUL C. EVANS (admitted pro hac vice)
Email: pevans@morganlewis.com
1701 Market Street
Philadelphia, PA 19103
Tel: 215.963.5000
Fax: 215.963.5001

Attorneys for Defendant
PEPPERIDGE FARM, INCORPORATED

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALFRED and MARVIN BARRISH, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>PEPPERIDGE FARM, INC., a Connecticut Corporation, and DOES 1-100, inclusive,<br><br>Defendants. | Case No.  2:14-cv-7086-JAK-RZ<br><br>Honorable John A. Kronstadt<br><br>**DEFENDANT PEPPERIDGE FARM, INCORPORATED'S EVIDENTIARY OBJECTIONS TO PORTIONS OF THE EXPERT REPORT OF GREGORY PINSONNEAULT (EX. 79) SUBMITTED IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |

DEFENDANT'S EVIDENTIARY OBJECTIONS
TO EXPERT REPORT OF GREGORY PINSONNEAULT

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

Defendant Pepperidge Farm, Inc. ("Pepperidge Farm") submits the following objections to the Expert Report of Gregory Pinsonneault (Dkt. 72-3, "Pinsonneault Report"), submitted as Exhibit 79 to the Declaration of Peter Rukin in Support of Plaintiffs' Reply in Support of their Motion for Class Certification. For the reasons set forth below, these Paragraphs should be stricken and their contents should not be relied upon by the Court in adjudicating Plaintiffs' Motion for Class Certification.

| Evidence From The Pinsonneault Report[1] | Grounds for Objection | Ruling |
|---|---|---|
| ¶¶ 11-18: "Dr. Slottje's conclusion that the average number of routes listed per year increased after the filing of this litigation ignores the fact that his data for the period prior to the litigation being filed does not include listings that did not result in a sale," and accompanying detail in paragraphs 11-18, concerning | **Reliance on Erroneous and/or Speculative Assumptions Unsupported by the Record:** Expert opinions are excludible as unhelpful if based on speculative assumptions or unsupported by the record. *In re Air Disaster at Lockerbie Scotland on Dec. 21, 1988*, 37 F.3d 804, 824 (*overruled on another ground in Zicherman v. Korean Air Lines Co., Ltd.,* 516 U.S. 217, 220-221, 231-232 (1996)). Here, Mr. Pinsonneault's criticism of the Expert Report of Daniel Slottje, Ph.D. ("Slottje Report") is premised upon Mr. Pinsonneault's reliance on historic website information on the Internet Archive, purportedly identifying thirty-four (34) routes listed for sale that did not result in sales and that were not identified in the data analyzed by Dr. Slottje. As detailed in the | Sustained: ☐<br>Overruled: ☐ |

---

[1] A true and correct copy of the Pinsonneault Report is attached as Exhibit A to the Declaration of Carrie A. Gonell (filed herewith). Pepperidge Farm has highlighted in yellow the objected to paragraphs of the Pinsonneault Report.

| | | |
|---|---|---|
| Mr. Pinsonneault's review of alleged route sale listings on the Internet Archive that Mr. Pinsonneault claims were not erroneously excluded from Dr. Slottje's analysis. | Supplemental Expert Report of Daniel J. Slottje ("Slottje Supplemental Report"),[2] Mr. Pinsonneault's claim is not supported by the record and is beset by at least twenty-three (23) errors, including:<br><br>• Inaccurately assuming that all of the identified Internet Archive listings were not included in the data analyzed by Dr. Slottje; in fact, six (6) of the listings were included in Dr. Slottje's data;<br><br>• Erroneously double- or triple-counting sixteen (16) of the entries; and<br><br>• Erroneously assuming that the remaining prior listings (of which there are only eleven (11) after making the two corrections above), which were withdrawn by the potential sellers, are comparable to current active listings, where the seller has not withdrawn the listing.<br><br>*See* Slottje Supplemental Report at ¶¶ 8-12. The Pinsonneault Report is therefore unreliable and without evidentiary support, warranting its exclusion.<br><br>**Reliance on Inadmissible Evidence as Substantive Evidence:** Although experts may rely on inadmissible background evidence when forming their opinions, such reliance is only permissible for Federal Rule of Evidence 703 background evidence only, and not for substantive evidence. *Turner v. Burlington Northern Santa Fe R.R. Co.*, 338 Fed.3d 1058, 1060-1062 (9th Cir. 2003) (Opinion relying on hearsay evidence as substantive evidence, rather than mere | |

---

[2] A true and correct copy of the Supplemental Slottje Report is attached as Exhibit B to the Declaration of Carrie A. Gonell (filed herewith).

| | | | |
|---|---|---|---|
| 1<br>2<br>3<br>4<br>5<br>6 | | background evidence, is unreliable and therefor excludable). Here, Mr. Pinsonneault is relying on hearsay evidence from the Internet Archive, without the laying of appropriate foundation, as substantive evidence, and not merely for background. The opinion is thus unreliable and unhelpful, and should be disregarded. | |
| 7<br>8<br>9<br>10<br>11<br>12<br>13<br>14<br>15<br>16<br>17<br>18<br>19<br>20<br>21<br>22<br>23<br>24<br>25<br>26<br>27<br>28 | ¶¶ 19-21, 23: "Dr. Slottje's conclusion that sellers sold distribution rights to routes less frequently after the filing of this litigation is driven by the large number of splits and realignments in the pre-filing period, which Dr. Slottje ignores," and accompanying detail in paragraphs 19-21, contending that Dr. Slottje should have excluded sales of partial routes (a/k/a splits and realignments) from his analysis. | **Opinion Not the Product of Reliable Methodology:** Expert opinion testimony must be "the product of reliable principles and methods." Fed. R. Evid. 702; *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999). Here, Mr. Pinsonneault suggests the results of Dr. Slottje's analysis would have been slightly different had he excluded sales of partial routes (*i.e.*, "splits" and "realignments") from his analysis, and instead only analyzed the sale of entire routes. Mr. Pinsonneault's proposal is not based on any proffered methodology at all, and is contrary to accepted methodology for analyzing data from a population study. As detailed in the Slottje Supplemental Report:<br><br>• Dr. Slottje did not "ignore" the effect of partial route transactions on his analysis; rather, he made sure to include them because they were market-based transactions and directly relevant to the analysis of any market for Pepperidge Farm distribution rights in California (Slottje Supplemental Report, ¶¶ 14-15);<br><br>• Dr. Slottje's analysis was a population study, which, under generally recognized principles for such a study, required him to include every market-based transaction in the | Sustained: ☐<br><br>Overruled: ☐ |

Morgan, Lewis &
Bockius LLP
Attorneys At Law
Irvine

3

DEFENDANT'S EVIDENTIARY OBJECTIONS
TO EXPERT REPORT OF GREGORY PINSONNEAULT

| | | | |
|---|---|---|---|
| | | population to undertake a complete analysis (*Id.*, ¶ 33); and<br>• There is no methodological or other reason to arbitrarily exclude entire classes of transactions from such a population study, particularly a class of transactions that was clearly market-based (*Id.*, ¶ 17) | |
| | | The only reason that Mr. Pinsonneault offers for excluding partial route transactions is because the results of the analysis, if such transactions are excluded, yields a slightly different result. Based on that, Mr. Pinsonneault speculates that there may be a reason for such differences. But he offers no reliable reason for why the results would differ, or a methodological or other recognized reason to engage in such arbitrary cherry-picking in deciding which data to analyze and which to exclude. This portion of Mr. Pinsonneault's opinions should therefore be excluded because it is not based on any recognized, reliable methodology. | |
| | ¶¶ 24-25: "Dr. Slottje also ignores the fact that his analysis would show a declining trend in ratios already existed prior to the filing of the complaint," and additional detail in the accompanying paragraphs, 24 to 25. | **Opinion Not the Product of Reliable Methodology:** Expert opinion testimony must be "the product of reliable principles and methods." Fed. R. Evid. 702; *Kumho Tire*, 526 U.S. at 152 (1999). Mr. Pinsonneault's suggestion that Dr. Slottje should have divided the time period preceding the filing of this lawsuit into additional sub-periods is not based on any methodology or other reason, and amounts to nothing more than another attempt by Mr. Pinsonneault to cherry-pick which sales he would like to emphasize over other sales. Slottje Supplemental Report, ¶¶ 18-19. | Sustained: ☐<br>Overruled: ☐ |

| | | | |
|---|---|---|---|
| ¶¶ 26-30: "Dr. Slottje's conclusion about 'real' route value appreciation prior to and after the filing of the litigation is based on an analysis that includes errors and ignores the impact of long-term ownership," and additional detail in the ensuing paragraphs 26-30. | **Reliance on Erroneous and/or Speculative Assumptions Unsupported by the Record:** Mr. Pinsonneault's opinion is premised upon alleged errors made by Dr. Slottje that either were not made or that were immaterial. To the extent there were any errors in the data analyzed by Dr. Slottje, they have now been corrected; yet, the results of Dr. Slottje's analysis remain the same. Slottje Supplemental Report, ¶¶ 23-29. Mr. Pinsonneault's critique is therefore without factual support and should be excluded.<br><br>**Opinion Not the Product of Reliable Methodology:** Mr. Pinsonneault's suggestion that Dr. Slottje should have excluded from his analysis any transactions that were for the sale of distributorship rights that had been held "long-term," to use Mr. Pinsonneault's term, is not based on any methodology or other justifiable reason but rather is premised on arbitrary cherry-picking. Slottje Supplemental Report, ¶ 21. As Dr. Slottje explains, his analysis was already controlled for inflation because it was undertaken as a comparison of sale prices to route size in dollar terms. *Id.*, ¶ 22. Mr. Pinsonneault's opinion that such transactions should have been excluded was thus based on unreliable methodology and should be excluded. | Sustained: ☐<br>Overruled: ☐ | |
| ¶¶ 31-35: "Dr. Slottje does not test whether his results are statistically significant," and additional detail in paragraphs 31-35. | **Opinion Not the Product of Reliable Methodology:** Dr. Slottje's analysis was a population study, not a survey of fewer than all data points. The idea of statistical significance in a population study is meaningless and unsupported by any recognized methodology. Slottje Supplemental Report, ¶¶ 3-34. | Sustained: ☐<br>Overruled: ☐ | |

| | |
|---|---|
| Dated: December 8, 2015 | MORGAN, LEWIS & BOCKIUS LLP |
| | By /s/ Carrie A. Gonell |
| | Carrie A. Gonell<br>Attorneys for Defendant<br>PEPPERIDGE FARM, INCORPORATED |