UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

| Case No. | LA CV14-07086 JAK (RZx) | Date | August 5, 2016 |
|---|---|---|---|
| Title | Raymond Alfred, et al. v. Pepperidge Farm, Inc., et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER RE PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL (DKT. 54)**

On August 7, 2014, Raymond Alfred and Marvin Barrish (collectively, "Plaintiffs") brought this putative class action in Los Angeles Superior Court against Pepperidge Farm, Inc. ("Defendant") and Does 1-100. Complaint, Dkt. 1-1. Plaintiffs contend that Defendant improperly categorized its distributors, or "Sales Development Associates" ("Distributors" or "SDAs") as independent contractors rather than employees. As a result they contend that the Distributors were not paid required wages, overtime compensation, business expenses and related benefits. Defendant removed the matter on September 10, 2014. Notice of Removal, Dkt. 1.

On October 31, 2014, the parties stipulated to the filing of a Second Amended Complaint ("SAC"). Dkt. 38. It was filed that day. Dkt. 39. The SAC advances nine causes of action, eight of which are putative class claims: (1) failure to pay California overtime compensation in violation of Cal. Lab. Code §§ 510 and 1194 and IWC Wage Order No. 9; (2) reimbursement for business expenses in violation of Cal. Lab. Code § 2802 and IWC Wage Order No. 9; (3) unlawful withholding and receipt of earned wages in violation of Cal. Lab. Code § 221 and Wage Order No. 9; (4) failure to provide meal periods in violation of Cal. Lab. Code §§ 226.7 and 512 and IWC Wage Order No. 9; (5) failure to authorize and permit rest breaks in violation of Cal. Lab. Code § 226.7 and IWC Wage Order No. 9; (6) failure to furnish accurate wage statements in violation of Cal. Lab. Code §§ 226 and IWC Wage Order No. 9; (7) waiting time penalties in violation of Cal. Lab. Code §§ 201, 202 and 203; and (8) violations of the Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200-09. The ninth cause of action, for civil penalties under the Private Attorney General Act, Cal. Lab. Code § 2698 *et seq.*, was brought as a representative action.

On October 9, 2015, Plaintiffs moved for class certification. Motion for Class Certification and Appointment as Class Counsel ("Motion"), Dkt. 54. Plaintiffs seek to certify a class of "all signatories to SDA Consignment Agreements in the State of California between August 7, 2010 and the present who personally delivered, stocked, and merchandised consigned product in retail stores in California" ("Class

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | LA CV14-07086 JAK (RZx) | Date | August 5, 2016 |
|---|---|---|---|
| Title | Raymond Alfred, et al. v. Pepperidge Farm, Inc., et al. | | |

Members"). Motion, Dkt. 54-1 at 9.[1] Defendant opposed the Motion ("Opposition," Dkts. 61, 63, 64) and Plaintiffs replied ("Reply," Dkt. 72).

A hearing on the Motion was held on December 14, 2015, at the conclusion of which the matter was taken under submission. Dkt. 82. Defendant filed two supplemental memoranda in opposition to the Motion (Dkts. 86, 100) to which Plaintiffs replied (Dkts. 87, 101).

In its Opposition, Defendant argues that Plaintiffs are not adequate class representatives because they are former Distributors, but seek to represent a class including Class Members who are current Distributors. Defendant contends that this litigation has and will continue to reduce the value of the distributorships. Therefore, there is no common interest between current Distributors and the class representatives. Opposition, Dkt. 61 at 7, 10-15. Defendant notes that while Class Members who are currently Distributors could potentially benefit from forward-looking relief that modifies their relationship with Defendant, Plaintiffs would only benefit from backward-looking relief. *Id.* at 15.

In their Reply, Plaintiffs propose that, to the extent the Court determines that Plaintiffs cannot adequately represent current Distributors, it should permit Plaintiffs to substitute Ashley Alves, who is a current Distributor, as class representative for what would be a subclass of the current Distributors. Reply, Dkt. 72 at 6; Decl. of Alves ¶ 2, Dkt. 54-6 ("I am a current Sales Development Associate (SDA) for Pepperidge Farm in Orange County. I have worked for Pepperidge Farm as an SDA since August 2013."). In response, Defendant objected to this evidence. Dkt. 74. It argues that Plaintiffs have violated Fed. R. Civ. P. 15(a)(2) and 16 by seeking a de facto amendment to the operative complaint without leave of Court or Defendant's written consent. Defendant also notes that the deadline to amend or add parties was October 31, 2014. Scheduling Order, Dkt. 36. Defendant also argues that, although it deposed Alves, that occurred before she had been identified as a potential class representative. Therefore, she was not questioned about matters relevant to her adequacy as a class representative. Nor was this covered in interrogatories. As a result, Defendant contends that, among other things, it has not gathered information about: Alves' financial status, which could affect her stake in this action; whether Alves is subject to any unique defenses; the value of Alves' route; and whether she personally services it. Defendant also argues that it did not depose Alves' husband, who assists with her route. Defendant also argues that Plaintiffs' counsel could not simultaneously represent a subclass of current distributors represented by Alves and a subclass of former ones represented by the current Plaintiffs, because these subclasses have conflicting interests.

In their response (Dkt. 81), Plaintiffs argue that a court may permit the addition of a class representative or the structuring of subclasses to address adequacy issues. They also contend that they did not identify Alves earlier because Defendant first challenged their adequacy in its Opposition. Plaintiffs next argue that, if there were a conflict for counsel in representing both subclasses, current counsel Shapiro Haber and Urmy LLP could serve as counsel for current distributor Class Members, and current counsel Rukin

---

[1] In the SAC, Plaintiffs seek to certify a broader class of "all persons or entities who have been employed by Defendant as Distributors under Defendant's Consignment Agreements in the State of California at any time within four years preceding the filing of this action." SAC ¶ 39, Dkt. 39.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV14-07086 JAK (RZx) | Date | August 5, 2016 |
|---|---|---|---|
| Title | Raymond Alfred, et al. v. Pepperidge Farm, Inc., et al. | | |

Hyland Doria and Tindall LLP and Rudolph Friedman LLP could serve as counsel for the former distributors.

Based on the briefing in connection with the Motion, Plaintiffs are not adequate class representatives for all class members. The following legal standards apply to this issue. "The adequacy inquiry under Rule 23(a)(4) serves to uncover conflicts of interest between named parties and the class they seek to represent. [A] class representative must be part of the class and possess the same interest and suffer the same injury as the class members." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 625–26 (1997) (internal citations and quotations removed). "[T]he adequate-representation requirement is typically construed to foreclose the class action where there is a conflict of interest between the named plaintiff and the members of the putative class." *Gen. Tel. Co. of the Nw. v. Equal Employment Opportunity Comm'n*, 446 U.S. 318, 331 (1980).

Unlike many of the putative class members whom they seek to represent, Plaintiffs are no longer Distributors. There is a significant, potential conflict between these groups. For those who remain Distributors, a determination that they are de facto employees could affect the value of their Distributorships. For example, they could not sell them as independent businesses. Plaintiffs respond that, if they succeed on their claims, current Distributors could elect to negotiate with Defendant to maintain an independent contractor relationship. But, there is no assurance that Defendant would do so. Moreover, the uncertainty as to the future status of a distributorship could affect its value in a potential sale to a new owner. These are significant issues inasmuch as the Class Members who remain Distributors have made significant investments in creating their value. *See* Expert Report of Daniel J. Slottje, Decl. of Carrie Gonell Ex. 28, Dkt. 62-4 at 17-19 (finding that the Distributors' business model and ability to maximize profits rely on their status as independent contractors and "[t]he data show that the California market for distribution rights to Pepperidge Farm routes has softened considerably after Plaintiffs filed this action on August 7, 2014.").

For these reasons, Plaintiffs are not adequate as representatives of all Class Members as the class is presently defined. *See Amchem Products*, 521 U.S. at 626 ("In significant respects, the interests of those within the single class are not aligned. Most saliently, for the currently injured, the critical goal is generous immediate payments. That goal tugs against the interest of exposure-only plaintiffs in ensuring an ample, inflation-protected fund for the future."); *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 986 (9th Cir. 2011) ("As former employees, Ellis and Horstman would not share an interest with class members whose primary goal is to obtain injunctive relief. Thus, as the class currently stands, Ellis and Horstman will not adequately protect the interests of the class as a whole."); *Andrews Farms v. Calcot, Ltd.*, No. CV-F-07-0464 LJO DLB, 2009 WL 1211374, at *11 (E.D. Cal. May 1, 2009):

> A conflict of interest exists between the interests of the class representatives—both former Calcot members—and the interests of current and future Calcot members. As in *Amgen*, potential plaintiffs in this proposed class are divided into discrete, conflicting categories; namely, former Calcot members and current and future Calcot members. As Calcot and Eadie point out, significant monetary damages recovered by Plaintiffs may be paid largely by current and future Calcot members. Because former Calcot members do not bear that burden, they have an interest in maximizing the damages award. Conversely, current and future members of Calcot, who may

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV14-07086 JAK (RZx) | Date | August 5, 2016 |
| Title | Raymond Alfred, et al. v. Pepperidge Farm, Inc., et al. | | |

have their damages awards offset by bearing the financial burden of paying for any damages awarded, may be interested to preserve Calcot's funds, even at the expense of their litigating claims. Because of this inherent conflict of interest, the class representatives cannot represent adequately the interests of current and future Calcot members.

Notwithstanding this deficiency, in the exercise of its discretion, the Court concludes that further proceedings are warranted on the class certification issue. *Accord Andrews Farms*, 2009 WL 1211374, at *11 ("Ordinarily, if a court discerns a conflict like the one in this case, the proper solution is to create subclasses of persons whose interests are in accord. This Court does not bear the burden of constructing subclasses or otherwise correcting Rule 23(a) problems; rather, the burden is on Plaintiffs to submit proposals to the court. In this Court's discretion, and in the interest of due process, this Court will allow Plaintiffs the opportunity to submit a further proposal, either to narrow the class definition or to propose subclasses.") (internal citations and quotations removed). Although the request to change the class structure or to add a new class representative has occurred late in the proceedings, there is no showing of substantial prejudice. Defendant has already addressed this issue in its present briefing, and has not otherwise shown prejudice from any further delay in the disposition of the Motion. However, Defendant contends that additional discovery is needed as part of the process of assessing whether Alves would be an adequate, potential representative of the class that is presently proposed or a subclass. An issue is also presented as to whether certain current counsel could represent one putative subclass, and other current counsel the other one. But, these issues can be addressed with limited additional discovery and briefing. On balance this is the appropriate course given the history of this litigation.

For the foregoing reasons, the following process is ordered. Defendant may take an additional deposition of Alves and one of her husband by September 8, 2016. By September 22, 2016, Defendant shall submit a supplemental brief, not to exceed 15 pages in which it addresses the following issues: (i) whether Alves would be an adequate representative for a subclass of present Distributors; (ii) whether it would be appropriate to have that subclass as well as one composed of former Distributors who would be represented by Plaintiffs; and (iii) whether Plaintiffs' proposal to designate Shapiro Haber and Urmy LLP as counsel for current Distributors, and Rukin Hyland Doria and Tindall LLP and Rudolph Friedman LLP as counsel for former Distributors is permitted under the operative ethical standards. By October 6, 2016, Plaintiffs may submit any reply brief, not to exceed 15 pages.

**IT IS SO ORDERED.**

:

Initials of Preparer    ak